Filed 1/26/26  P. v. Green CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER DAVID GREEN,<br><br>    Defendant and Appellant. | D085367<br><br><br>(Super. Ct. No. SCE424355) |


APPEAL from a judgment of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Christopher David Green appeals the judgment sentencing him to prison for three years after a jury found him guilty of robbery and possession of tear gas by a felon.  His appointed counsel filed a brief in which she raised no claims of error and invited us to review the record independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We have done so and

found no error requiring reversal or modification of the judgment. We therefore affirm.

## BACKGROUND

Green went to a Target store, grabbed a basket, and proceeded quickly to the electronics department. He put four calculators and four hard drives in the basket and continued to walk through the store. When Green arrived in another department, he pulled a reusable Target bag out of a pocket of his hoodie and transferred the calculators and hard drives from the basket to the bag. He then proceeded to the exit without paying for the items. A Target employee who had been monitoring Green's actions via surveillance cameras waited for him at the exit, identified himself as "Target security," and ordered Green to stop. Green sprayed the employee with pepper spray, ran to his vehicle, and drove off. Nearby police officers received a report of the incident and stopped Green. They found a can of pepper spray in his hoodie and another can, the calculators, and the hard drives in the vehicle.

The People charged Green with robbery (Pen. Code, § 211) and possession of tear gas by a felon (*id.*, § 22810, subd. (a)). As an aggravating sentencing circumstance, they alleged he had served a prior prison term. (Cal. Rules of Court, rule 4.421(b)(3).) A jury found Green guilty on both counts. He waived his right to a jury trial on the alleged aggravating sentencing circumstance, and in a separate bench trial the court found the allegation true. The court sentenced Green to prison for three years on the robbery conviction (Pen. Code, § 213, subd. (a)(2)) and for a concurrent term of 281 days on the other conviction (*id.*, § 22810, subd. (g)(1)).

## DISCUSSION

Green's appointed counsel filed a brief in which she summarized the proceedings, raised no claims of error, and asked us to review the record

2

independently for error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) To assist our review, counsel identified the following two issues she had considered: (1) whether the trial court erred by failing to instruct the jury on battery as a lesser included offense of robbery; and (2) whether the court abused its discretion in sentencing Green to the middle term on the robbery conviction given his trauma and abuse. (See *Anders v. California* (1967) 386 U.S. 738, 744 [counsel who determines an appeal has no merit must file a "brief referring to anything in the record that might arguably support the appeal"].)

Appointed counsel and this court advised Green that he could file a supplemental brief. (See *Anders, supra*, 386 U.S. at p. 744 [when counsel raises no claims of error, defendant must be given time "to raise any points that he chooses"]; *People v. Kelly* (2006) 40 Cal.4th 106, 120 [*Anders* and *Wende* "recognize the defendant's right in a *Wende* appeal to file supplemental contentions"].) He has not done so.

We have reviewed the entire record, as required by *Wende, supra*, 25 Cal.3d 436, considered the issues identified by counsel, and determined there are no grounds for reversal or modification of the judgment. We also have determined Green received competent representation on appeal.

## DISPOSITION

The judgment is affirmed.


                                        IRION, Acting P. J.

WE CONCUR:



BUCHANAN, J.



CASTILLO, J.